**UNITED STATES of America, ex rel. Linda Gail PHILLIPS and Linda Gail Phillips, individually, Plaintiffs,**

v.

**PEDIATRIC SERVICES OF AMERICA, INC.; Harris Regional Hospital, Inc.; and PSA/HRH, L.L.C., Defendants.**

**No. CIV.A. 3:97CV360.**

United States District Court, W.D. North Carolina, Charlotte Division.

Sept. 11, 2002.

█

Thomas D. Roberts, Asheville, NC.

Isaac N. Northrup, Northrup & McConnell, PLLC, Asheville, NC.

W. Bradford Searson, Cloninger, Lindsay, Hensley, Searson & Arcuri, Asheville, NC.

Frank D. Whitney, Kilpatrick Stockton LLP, Charlotte, NC.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the parties' joint motion for an indicative ruling. For the reasons stated herein, the motion is denied.

## I.  PROCEDURAL HISTORY

In 1997, Linda Phillips (Plaintiff) brought this action alleging the Defendants had violated the federal False Claims Act by submitting false or fraudulent Medicare forms for home oxygen therapy. Such claims are paid by Medicare if prescribed by a physician as medically necessary pursuant to a Certificate of Medical Necessity (CMN). Plaintiff's complaint alleged both that the Defendants had violated the Act and that she was discharged in retaliation for her actions taken in furtherance of a lawsuit.

On March 15, 2001, the undersigned granted the Defendants' motions for summary judgment and dismissed the action. On April 12, 2001, Plaintiff appealed the dismissal of the action. The appeal remains pending.

## II.  DISCUSSION

The parties now move for an "indicative ruling that the Court would grant a Rule 60(b) motion for modification of the Court's March 15, 2001 Order." This would, they claim, promote a settlement of the action and serve the public interest. They also note that "[d]uring the pendency of the appeal, this matter was mediated by the Office of the Circuit Mediator for the Fourth Circuit. As a result of the mediation, the relator and defendants reached a settlement in principle, and sought the consent of the United States to enter into a settlement agreement." **Joint Motion, filed August 28, 2002, at 3.** The United States has agreed to such a settlement on the condition that the parties file this motion.

At issue is what the parties characterize as a holding by the undersigned that the submission of CMN forms completed by the oxygen therapy provider but signed by the physician does not violate the False Claims Act as long as the information con-

tained therein is not false. The parties acknowledge that this "holding" was but one ground for the granting of summary judgment to the Defendants.

Contrary to their current position, Defendants moved for summary judgment on the ground that the forms contained no false information. In fact, in arguing their entitlement to summary judgment, Defendants Pediatric Services of America, Inc., and PSA/HRH, L.L.C., noted the Plaintiff's claim that one patient

> was originally diagnosed with sleep apnea and [ ] [Plaintiff] was instructed to [write] COPD down in the diagnosis category. [Plaintiff] then goes on to suggest that the doctors involved in the care of [patients] simply signed forms blindly, not paying any attention to the diagnosis. However, [the patient] did suffer with COPD. There was an appropriate prescription for oxygen [ ] and a qualifying oxygen saturation test [ ].

**Reply to Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment, filed July 27, 2000, at 2.** This portion of the Defendants' reply deals with the allegations that the Defendants' employees improperly completed CMN's which were then simply submitted for signature by the physician. The Defendants did not dispute that those forms had been completed by employees other than the physicians' employees, as required under Medicare regulations; but instead, relied on the fact that the CMN forms did not contain false or fraudulent information.

In ruling on the motions for summary judgment, the undersigned made the following findings:

> Phillips' causes of action are based on the premise that Westcare and its employees violated regulations controlling the method by which and circumstances under which claims may be submitted to Medicare for durable medical equipment, *i.e.,* home oxygen therapy....

However, Phillips has placed before the Court no admissible evidence of the actual Medicare requirements, rules or regulations.

*United States ex rel. Phillips v. Pediatric Services,* 142 F.Supp.2d 717, 728 (W.D.N.C.2001).

> Phillips contends it was against Medicare regulations for Westcare personnel to pre-prepare the CMN forms. However, no such regulation has been placed in the record.... Phillips has not shown by direct evidence that the information supplied on the CMN forms when they were pre-prepared by Westcare employees was false.... The physicians testified [ ] that on occasion they authorized the addition of information to the forms after signing. Indeed, they testified it was customary at that point in time for the CMN forms to reach their offices for signature with the information already provided. While the physicians themselves may have violated some regulation, there is simply no admissible evidence that the Defendants presented or prepared false records or statements.

*Id.,* at 732–33.

While this action was in this Court, the United States did not intervene. However, on appeal,

> [t]he United States ... submitted a brief as amicus curiae to present to the Fourth Circuit the relevant provision of the Medicare statute and associated regulations and guidance from the Centers for Medicare and Medicaid Services ... governing the preparation of CMNs on which the relator had failed to brief this Court. The United States' amicus brief also asserted that an actionable False Claims Act cause of action arises when a supplier completes the medical necessity information on a CMN ... and seeks payment in violation of ... regulations ....

**Joint Motion, at 3.** As a result, the parties now ask the undersigned to either vacate its prior order in its entirety or provide an "indicative ruling" that it would be willing to grant a Rule 60(b) motion to modify that decision by deleting any reference to the pre-prepared CMN's as quoted above. This, they claim, would facilitate settlement and prevent a "weaken[ing][of] the government's efforts to prosecute civil fraud by health care providers under the False Claims Act.... [T]he March 15, 2001 order could be relied upon by other defendants to support their assertion that they may complete or change medical necessity information on a CMN." *Id.*, at 7–8.

Despite the pendency of the appeal, it does appear that the undersigned has jurisdiction to entertain a motion pursuant to Federal Rule of Civil Procedure 60(b). *Fobian v. Storage Technology Corp.*, 164 F.3d 887 (4th Cir.1999) (**noting that although the district court may not actually modify or vacate its decision, it may give an indication of its inclination without violating the advisory opinion rule**). However, the undersigned is not inclined to either vacate the decision or modify it in the manner requested. *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112 (4th Cir.2000) (**Relief pursuant to Rule 60(b)(6) is available in only the most exceptional of circumstances and the general presumption is against it.**).

This Court did not hold that the submission of pre-prepared CMN's does not violate the False Claims Act as long as the information contained therein is not false. Instead, the Court held that the Plaintiff had not presented sufficient evidence to withstand summary judgment and, indeed, had completely failed to place before the Court the very regulations which she claimed had been violated. Nor did the undersigned hold that the violation of Medicare regulations by submitting a pre-prepared CMN form also constitutes a violation of the False Claims Act. The Court held that the Plaintiff had completely failed to present any evidence that a false document was ever presented to the government. Therefore, there is no need for the undersigned to modify or vacate the granting of summary judgment.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that the parties' joint motion for an indicative ruling is hereby **DENIED.**